IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| BRIAN MCMAHON | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 12-00432 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Brian McMahon ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ .§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No11) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 13). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff applied for DIB and SSI on July 1, 2008 and July 22, 2008, respectively, alleging disability since May 5, 2008 (subsequently amended to May 15, 2008) on the basis of cirrhosis of the liver, lumbar herniated discs, rotator cuff injures. R. at 16, 67-68, 69-75, 95. His

claims were denied initially and on reconsideration. R. at 33-35, 38, 39-40, 41-42. On March 10, 2011, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 441-76. Claimant was represented by counsel. In a decision dated July 14, 2011, the ALJ denied Plaintiff's request for benefits. R. at 16-25. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 6-9.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R§§ 404.1520, 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since May 15, 2008, his amended alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: cirrhosis of the liver, chronic pancreatitis, chronic alcoholism and opiate abuse, anxiety disorder, adjustment disorder, esophageal varices, splenomegaly, major depression, degenerative joint disease of both shoulders, and degeneration of the lumbar spine. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff was unable to perform his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 16-25.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

### IV. Discussion

Plaintiff argues that the ALJ erred in finding him not disabled because he: (1) erroneously assessed Plaintiff's residual functional capacity ("RFC"); and (2) erroneously relied upon the testimony of the VE. These arguments are inextricably intertwined and will be addressed together below.

Plaintiff first argues that the ALJ erred by not directly including his "paragraph B" finding that Plaintiff had a moderate limitation in social functioning in his RFC determination and in the hypothetical to the VE. R. at 20, 21. It is well-established that a finding with respect to the "paragraph B" criteria does not automatically translate into a specific finding at the RFC

analysis. "[W]hen an ALJ reaches steps four and five of the sequential evaluation process, he must assess the claimant's RFC, since the [paragraph B] factors do not indicate the work-related activities the claimant will have difficulty performing. An adjudicator must, however, assess the claimant's mental RFC by translating the findings that were developed through the evaluation of the [paragraph B] factors into specific work-related limitations. Thus, the findings an ALJ makes as to the claimant's (1) activities of daily living, (2) social functioning, and (3) concentration, persistence, and pace need not be included in the ALJ's RFC assessment." *Grubby v. Astrue,* No. 1:09cv364, 2010 WL 5553677 at *13 (W.D.N.C. Nov. 18, 2010) (citations omitted). The ALJ specifically recognized these established principles in his decision. R. at 20 *citing* SSR 96-8p (recognizing that the mild, moderate, or severe limitations in the broad categories of activities of daily living, social functioning, and concentration, persistence, or pace, that are assessed as part of the psychiatric review technique "are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process)".

The question is therefore whether the ALJ appropriately translated his "paragraph B" findings into work-related limitations in his RFC finding and hypothetical to the VE. However, to the extent the ALJ found that there are no resulting work-related limitations stemming from the paragraph "B findings", one would not expect to see any limitations in the hypothetical or the RFC. Here, the RFC clearly included certain limitations that relate to the ALJ's "paragraph B" findings with respect to Claimant's moderate limitation in concentration, persistence or pace. R. at 20. He indicated that due to Claimant's panic attacks (among other impairments),

4

Claimant had a "moderate"[1] limitation in the ability to understand, remember and carry out detailed instructions; maintain concentration and attention for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, complete a normal workday and workweek without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; and respond appropriately to changes in the work setting. R. at 21; *see, e.g., Patton v. Astrue*, No. 1:10cv211 , 2011 WL 6300361 (W.D.N.C. Dec. 16, 2011) ("Here, the ALJ appropriately translated his paragraph B findings into work-related limitations in his RFC finding and hypothetical to the VE. The ALJ specifically accounted for the moderate restriction in concentration, persistence, or pace by limiting Plaintiff to "simple, routine, repetitive tasks."); *see also Haga v. Astrue,* 482 F.3d 1205, 1207–08 (10th Cir.2007); *Rasmussen v. Colvin*, No. 5:12cv00059, 2013 WL 5229967 at *5 (W.D. Va. Sep. 16, 2013) *(*finding that moderate restriction in concentration, persistence, or pace was reflected in RFC by limiting Plaintiff to simple, repetitive work).

The ALJ did not include, however, any limitations that might be readily associated with a moderate limitation in social functioning. For example, the ALJ did not limit Claimant's contact with the general public, co-workers or supervisors. *See, e.g. Kozel v. Astrue*, Civil No. JKS–10–21802012 WL 2951554 at * 4 (D. Md. July 20, 2012) (due to moderate difficulties in social function, Claimant limited to no more than occasional contact with coworkers,

---

[1] The ALJ defined "moderate" as more than a slight limitation but that an individual is still able to function satisfactorily in an 8-hour work day.

supervisors, and the general public); *Page v. Astrue*, No. 5:11–CV–590–FL, 2012 WL 4889597 at * 2 (E.D.N.C. Sep. 20, 2012) (noting that the ALJ's finding of moderate restriction in maintaining social functioning resulted in limitations to occasional contact with supervisors and coworkers and the avoidance of sustained contact with the general public). Nevertheless, the Court has reviewed the ALJ's discussion of the evidence and finds that the ALJ's RFC adequately captures all of Claimant's limitations despite his finding of moderate limitations in social functioning.

The ALJ noted that while Claimant reported anxiety, he also reported that he visited with friends in Las Vegas and interacts with others including his female roommate. R. at 20, 430. Claimant also reported that he goes out shopping "[e]very day" and attends union meetings both of which obviously necessitate contact with the general public. R. at 430, 431. He also indicated he gets along with some co-workers and does not with others. R. at 431. The ALJ also reviewed the findings of a March, 2010 examination at which time Dr. Oidick noted that Claimant was not significantly limited in any area of social interaction and that the assessment revealed "minimal social restrictions." R. at 398-99. This RFC assessment as well as the other evidence discussed above, is consistent with the lack of limitations in work-related abilities identified in the RFC. The ALJ was entitled to rely on this evidence supporting his finding that Claimant does not have significant limitations in any concrete work-releated abilities that would prevent him from performing the work laid out in the RFC.

Recently, in *Baxter v. Astrue*, No. 3:11-CV-679, 2013 WL 499338 at * 8 (E.D. Va. Feb. 7, 2013), the Court reached the same conclusion. There, Plaintiff also asserted that the ALJ's

hypothetical did not accurately describe Plaintiff's impairments to the VE because the RFC did not include the ALJ's finding that Plaintiff has mild limitations in daily living and social functioning and moderate difficulties with concentration, persistence or pace. *Id*. at *9. The Court held that the argument failed:

> [I]t was not error for the ALJ to not include in the RFC the specific limitations that Plaintiff emphasizes. The ALJ considered these limitations in step three of the analysis, in which he concluded that these limitations did not satisfy the criteria of Paragraph B of the adult mental disorder listings. . . . However, the applicable policy interpretation provides that the limitations in the Paragraph B criteria are not an RFC assessment, but rather are used to rate the severity of mental impairments at the second and third steps of the sequential analysis. *See* SSR 96–8p, 1996 WL 374184, 1996 SSR LEXIS 5. In contrast, '[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form].' . . . Accordingly, the ALJ did not err by not including the limitations considered in step 3 of the analysis in the RFC determined before step 4, and therefore, the ALJ's hypothetical questions to the VE properly applied the law.

Plaintiff also challenges the vocational expert's testimony because the ALJ failed to include a limitation on social functioning in the hypothetical assumptions used to elicit the expert's testimony. The ALJ used hypothetical assumptions that accurately reflected the RFC assessment. The ALJ was not required to include additional limitations not supported by the record. *Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir. 1989) ("for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments").

Plaintiff also argues that the ALJ failed to properly evaluate the opinion of psychiatric

consultative examiner, Dr. Jones-Fearing.  He argues that despite giving the opinion great weight, the ALJ failed to account for  any limitation (again) in social functioning, as well as impaired concentration.  Claimant also asserts the ALJ failed to analyze Dr. Jones-Fearing's assessment that Claimant had a GAF of 50.[2]  For the reasons discussed above, the Court finds substantial evidence supports the ALJ's RFC with respect to Claimant's limitations in social interaction.  With regard to Claimant's limitation of impaired concentration, Dr. Jones-Fearing ultimately found that Claimant had just mild restrictions in understanding, remembering and carrying out simple instructions and making judgments on work-related decisions. R. at 433.  In addition, as mentioned above,  the ALJ did account for a "moderate" limitation in Claimant's concentration.  R. at 21.

      Plaintiff also asserts that the ALJ erred in the rejection of the opinion of Claimant's treating physician, Dr. Eric Berg who opined that he was not sure in September, 2008 that the patient should be working or is able to work because of liver cirrhosis, and shoulder and back degeneration.  R. at 23, 240.  He also opined in April, 2010 that Claimant should  not be working.  R. at 407-08.   The ALJ gave Dr. Berg's opinion little weigh because it was

---

[2] The Court finds that the ALJ's failure to discuss every GAF score in the record was harmless error.  As stated in *Brown v. Astrue,* No. CBD-10-1238, 2013WL 937549 at *8 (D. Ms. Mar. 8, 2013) "[e]ven though the ALJ did not specifically reference the GAF scores, he properly discussed the underlying hospital records, and his conclusion was supported by substantial evidence." *See Melgarejo v. Astrue,* No. 08–3140, 2009 WL 5030706, at *4 (D.Md. Dec. 15, 2009) ("[T]he GAF is not determinative of disability, and the ALJ is not required to discuss every piece of evidence in the record.") *citing Piney Mountain Coal Co. v. Mays,* 176 F.3d 753, 762 n. 10 (4th Cir.1999)). Therefore, remand for discussion of the GAF scores is not warranted.

inconsistent with evidence showing routine treatment for Claimant's medical problems. R. at 23. Plaintiff argues that the ALJ failed to cite such inconsistent evidence.

First, the Court agrees that opinions regarding the ability to work are limited to the Commissioner. 20 C.F.R. § 404.1527(d). The issue is whether the ALJ's mention of the routine conservative nature of Claimant's treatment, in connection with is overall discussion of the evidence, constitutes substantial evidence upon which to base his decision to afford Dr. Berg's opinions little weight. The Court finds that it is. The ALJ noted that Claimant's gastrointestinal issues were largely a result of his alcohol use. *See, e.g.* R. at 22, 213 (Claimant hospitalized for alcohol withdrawal and abnormal liver enzymes); *see also* R. at 184 (testing showing liver cirrhosis, portal hypertension and splenomegaly with mild chronic pancreatitis). The ALJ also noted that despite advice to abstain from alcohol use, Claimant continued. R. at 22. With respect to musculoskeletal impairments, the ALJ also reviewed that evidence of Dr. Muawwad noting that Claimant was diagnosed with chronic rotator cuff tear with degenerative arthritis in both shoulders. R. at 22, 257. Claimant declined surgery. R. at 22, 408. The ALJ gave great weight to Dr. Muawwad's opinion that Claimant could not tolerate heavy lifting and could not return to work as an iron worker. R. at 22, 258. The ALJ also gave great weight to the opinions of the state agency consultants finding Claimant capable of light work. R. at 22, 261-68, 370-77.

To the extent Plaintiff asserts arguments not otherwise addressed above with respect to

the VE testimony and his ability to do the work identified, the Court rejects those arguments. As mentioned above, the hypothetical to the VE must fairly set forth all of Claimant's impairments that the ALJ finds supported by the evidence in the record. The Court finds that the limitations expressed by Claimant now were not required to be part of the hypothetical and that the hypothetical ultimately reflected the RFC which the Court finds supported by substantial evidence.

## V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: November 4, 2013 _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge